TERRENCE J. EDWARDS (Utah State Bar No. 9166)
**TECHLAW VENTURES, PLLC**
3290 West Mayflower Way
Lehi, Utah 84043
Telephone: (801) 805-3684
Facsimile: (801) 852-8203

Attorneys for Plaintiff Snowie LLC

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| **SNOWIE LLC, a Utah Limited Liability Company,** <br><br> Plaintiff, <br><br> vs. <br><br> **DTX INTERNATIONAL INC., a Michigan Corporation**, <br><br> Defendant. | COMPLAINT FOR INFRINGEMENT OF U.S. PATENT NOS. 6,527,212 AND 6,908,053; FEDERAL FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION; AND UNJUST ENRICHMENT <br><br> **(Jury Trial Demanded)** <br><br> Civil No. 2:13-cv-00166-RJS <br><br> Judge Robert J. Shelby |

Plaintiff SNOWIE LLC (hereinafter referred to as "Plaintiff" or "SNOWIE") hereby complains against Defendant DTX INTERNATIONAL INC. (hereinafter "DTX" or "Defendant") and alleges as follows:

## NATURE OF THE ACTION

1. SNOWIE is an innovator in the shaved ice industry. SNOWIE has developed and commercialized a myriad of different shaved ice products, including flavors, shaver machines,

automobiles configured as a mobile building, buildings, booths, kiosks, carts, and many other products, which can be viewed at www.snowie.com.   SNOWIE has revolutionized the shaved ice industry in introducing many popular products, such as the LITTLE SNOWIE shaver, which brought commercial flavored shaved ice products to consumers for home use dramatically changing the availability of flavored shaved ice products. Because of its innovative technology and distinctive designs, SNOWIE's products have been well received in the marketplace.

2. SNOWIE's creative achievements have resulted in significant intellectual property protection for its innovations, including utility and design patents, trademarks, and trade dress protection. Nevertheless, SNOWIE's innovations have been the subject of widespread emulation by its competitors, who have attempted to capitalize on SNOWIE's success by imitating SNOWIE's innovative technology, distinctive designs, and elegant and distinctive products.

3. One imitator is Defendant DTX, which recently introduced the "The Great Northern Popcorn Polar Pal Shaved Ice Machine," to compete with SNOWIE's LITTLE SNOWIE shaved ice machine. Instead of pursuing independent product development, Defendant has chosen to copy SNOWIE's innovative technology, and elegant and distinctive product design in violation of SNOWIE's valuable intellectual property rights. As alleged below, Defendant has made its "The Great Northern Popcorn Polar Pal Shaved Ice Machine" work and look like SNOWIE's product through widespread patent and trade dress infringement.

4. By this action, SNOWIE seeks to stop Defendant's illegal conduct and obtain compensation for the violations that have occurred thus far.

## PARTIES

5. SNOWIE LLC is a Utah limited liability company having a business address of 1006 West Beardsley Place, Salt Lake City, Utah 84119.

6. Upon information and belief, DTX INTERNATIONAL INC. is a Michigan corporation having a business address of 9855 North Front Street, Mancelona, Michigan 49659.

## JURISDICTION AND VENUE

7. This Court has federal question subject matter jurisdiction over this action pursuant to the laws of the United States, including title 28 U.S.C. §§ 1121 (action arising under the Lanham Act), 1331 (federal question), 1338(a) (any Act of Congress relating to patents or trademarks), and 1367 (supplemental jurisdiction), and pursuant to Plaintiff's causes of action identified below under 35 U.S.C. § 271 (patent infringement).

8. This Court has exclusive subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338, and applicable principles of supplemental jurisdiction.

9. Defendant is subject to personal jurisdiction in the State of Utah (this "State"), consistent with the principles of due process and the Utah Long Arm Statute, because Defendant has offered and continues to offer its products for sale in this State, have transacted business and continues to transact business in this State, has committed and/or induced acts of patent infringement in this State, and/or has placed infringing products into the stream of commerce through established distribution channels with the expectation that such products will be purchased by residents of this State.

10. Such infringing products have been offered for sale and sold in this State through Defendant's website, including, but not limited to: http://www.greatnorthernpopcorn.com.

11. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 and 1400 because Defendant has done business, has infringed, and continues to infringe Plaintiff's patent within this District, and this action arises from transactions of that business and that infringement.

## GENERAL ALLEGATIONS

### SNOWIE's PATENTS

12. On March 4, 2003, U.S. Patent No. 6,527,212 (hereinafter "the '212 Patent") entitled ICE SHAVER was duly and legally issued to Carl. A. Rupp. The entire right, title and interest to the '212 Patent is assigned to and owned by SNOWIE. SNOWIE maintains the exclusive right to make, have made, use, distribute, sell, offer for sale, and import in the United States products covered by the '212 Patent. A true and correct copy of the '212 Patent is attached as Exhibit A.

13. On June 21, 2005, U.S. Patent No. 6,908,053 (hereinafter "the '053 Patent") entitled ICE SHAVER was duly and legally issued to Carl. A. Rupp. The entire right, title and interest to the '053 Patent is assigned to and owned by SNOWIE. SNOWIE maintains the exclusive right to make, have made, use, distribute, sell, offer for sale, and import in the United States products covered by the '053 Patent. A true and correct copy of the '053 Patent is attached as Exhibit B.

14. Both the '212 Patent and the '053 Patent are issued for innovative, novel and proprietary ice shaving machines.

15. Upon information and belief, Defendant has knowledge of one or both of the '212 Patent and the '053 Patent.

16. Upon information and belief, Defendant imports, makes, uses, sells, and/or offers to sell and/or induces others to import, make, use, sell and/or offer to sell, ice shaving machines, which embody and/or use the inventions claimed in the '212 Patent.

17. Upon information and belief, Defendant imports, makes, uses, sells, and/or offers to sell and/or induces others to import, make, use, sell and/or offer to sell, ice shaving machines, which embody and/or use the inventions claimed in the '053 Patent.

**SNOWIE'S TRADE DRESS**

18. SNOWIE has been manufacturing and producing a product line of ice shaving machines known publicly as the "LITTLE SNOWIE."

19. The LITTLE SNOWIE product includes non-functional elements that comprise product configuration trade dress.

20. Such elements include: an upper square shaped outer cover or container portion attached or otherwise connected to an angular outer base portion as illustrated below.



21. Defendant has imported into or sold in the United States the following product(s), which infringes one or more of Plaintiff's intellectual property rights, namely "The Great Northern Popcorn Polar Pal Shaved Ice Machine" (hereinafter "the Infringing Product").

22. Defendant DTX copied Plaintiff's technology, product configuration and innovative style in producing and selling Defendant's Infringing Product, rather than innovating and developing its own technology and creating a unique DTX style for its own ice shaving machines.

23. Defendant's copying is so pervasive, that the Infringing Product appears to be actual SNOWIE products—with the same functional aspects covered by Plaintiff's '212 Patent and '053 Patent and the same non-functional elements that comprise SNOWIE's product configuration trade dress, including an upper square shaped outer cover or container portion attached or otherwise connected to an angular outer base portion as illustrated below.



24. When the Infringing Product illustrated above in Paragraph 18 is sold or used in public, there can be little doubt that it is viewed as a SNOWIE product based upon the design alone.

25. Defendant has many options in developing its own shaved ice machines that did not embody the same combination of elements as SNOWIE's "LITTLE SNOWIE" shaved ice machine.  In fact, Defendant carries other shaved ice machines that look substantially different than SNOWIE's "LITTLE SNOWIE" product.

26. Defendant has not obtained SNOWIE's permission to use its trade dress.

27. The following is a side-by-side comparison of SNOWIE's "LITTLE SNOWIE" shaved ice machine and Defendant DTX's Infringing Product known as "The Great Northern Popcorn Polar Pal Shaved Ice Machine."

**SNOWIE's LITTLE SNOWIE**            **DTX's POLAR PAL**

 

28. Defendant's Infringing Product embodies the unique elements of the SNOWIE product configuration trade dress identified above, namely, a product configuration with an upper square shaped outer cover or container portion attached or otherwise connected to an angular outer base portion.

29. Defendant deliberately chose to infringe SNOWIE's patents, namely the '212 Patent and '053 Patent, SNOWIE's trade dress and did so willfully to trade upon the goodwill that SNOWIE has developed in the shaved ice industry in connection with SNOWIE's products.

30. Defendant's infringement of SNOWIE's utility patents identified in this Complaint provides Defendant DTX with unique functionality for its products that was the result of

SNOWIE's efforts and innovation, not Defendant DTX's efforts or innovation.  Defendant has not obtained SNOWIE's permission to use its inventions identified in SNOWIE's utility patents.

## FIRST CAUSE OF ACTION

### PATENT INFRINGEMENT OF THE '212 PATENT
### (35 U.S.C. § 271)

31.     Plaintiff hereby realleges and incorporates by this reference the preceding paragraphs as if fully set forth herein.

32.     Defendant is infringing, contributing to the infringement of, and/or inducing infringement of the '212 Patent in violation of 35 U.S.C. § 271 as set forth therein and incorporated by this reference, by making, using, selling offering for sale, and/or importing infringing products, including, but not limited to the Infringing Product, known as The Great Northern Popcorn Polar Pal Shaved Ice Machine.

33.     Defendant's Infringing Product infringes at least claims 1, 2, 3, 4, and 5 of the '212 Patent.

34.     Upon information and belief, Defendant has knowledge of the '212 Patent and is infringing despite such knowledge.  This infringement has been and continues to be willful and deliberate.

35.     Defendant's infringement has injured Plaintiff, and Plaintiff is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

36. Defendant's infringing activities have injured and will continue to injure Plaintiff unless and until this Court enters an injunction prohibiting further infringement of the '212 Patent.

## SECOND CAUSE OF ACTION

### PATENT INFRINGEMENT OF THE '053 PATENT
### (35 U.S.C. § 271)

37. Plaintiff hereby realleges and incorporates by this reference the preceding paragraphs as if fully set forth herein.

38. Defendant is infringing, contributing to the infringement of, and/or inducing infringement of the '053 Patent in violation of 35 U.S.C. § 271 as set forth therein and incorporated by this reference, by making, using, selling offering for sale, and/or importing infringing products, including, but not limited to the Infringing Product.

39. Defendant's Infringing Product infringes at least claims 1, 2, 4, 5, 6, 8, 9, 10, 11, 12 of the '053 Patent.

40. Upon information and belief, Defendant has knowledge of the '053 Patent and is infringing despite such knowledge. This infringement has been and continues to be willful and deliberate.

41. Defendant's infringement has injured Plaintiff, and Plaintiff is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

42. Defendant's infringing activities have injured and will continue to injure Plaintiff unless and until this Court enters an injunction prohibiting further infringement of the '053 Patent.

## THIRD CAUSE OF ACTION

### TRADE DRESS INFRINGEMNT
### (Lanham Act Section 43(a), 15 U.S.C. § 1125(a))

43. Plaintiff hereby realleges and incorporates by this reference the preceding paragraphs as if fully set forth herein.

44. SNOWIE is the owner of all right and title to the distinctive trade dress embodied in the LITTLE SNOWIE shaved ice machine. SNOWIE's product configuration trade dress, as embodied in the LITTLE SNOWIE product, has acquired secondary meaning, and is not functional.

45. In addition, based on SNOWIE's extensive and consistent advertising, promotion and sales throughout the United States, the LITTLE SNOWIE product configuration trade dress has acquired distinctiveness and enjoys secondary meaning among consumers, identifying SNOWIE as the source of these products.

46. SNOWIE's extensive promotion of the distinctive product configuration trade dress has resulted in SNOWIE's acquisition of valuable, legally protected rights in that trade dress as well as considerable customer goodwill.

47. Defendant's Infringing Product has misappropriated SNOWIE's product configuration trade dress by mimicking and copying the elements of that trade dress.

48. Defendant's manufacture, importation, sales and distribution of the Infringing Product that mimics and copies SNOWIE's trade dress is likely to cause confusion, or to cause mistake, or to deceive consumers as to the affiliation, connection or association of Defendant with SNOWIE, or as to the origin, sponsorship, or approval by SNOWIE of Defendant's goods, services or commercial activities.

49. Defendant's manufacture, importation, sales and distribution of the Infringing Product that mimics and copies SNOWIE's trade dress enables Defendant to benefit unfairly from SNOWIE's reputation and success, thereby giving Defendant's Infringing Product sales and commercial value Defendant would not otherwise enjoy.

50. Defendant's actions constitute unfair competition and false designation or origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

51. Upon information and belief, Defendant knew of SNOWIE's product configuration trade dress when it designed its Infringing Product, and has refused to change its product design in response to SNOWIE's objections. Accordingly, Defendant's infringement has been and continues to be intentional, willful and without regard to SNOWIE's trade dress rights.

52. SNOWIE has been and will continue to be irreparably harmed and damaged by Defendant's conduct, and SNOWIE lacks an adequate remedy at law to compensate for this harm and damage.

53. SNOWIE is informed and believes, and on that basis alleges, that Defendant has gained profits by virtue of its infringement of SNOWIE's trade dress.

54. SNOWIE also has sustained damages as a direct and proximate result of Defendant's infringement of SNOWIE's trade dress rights in an amount to be proven at trial.

55. Because Defendant's actions have been willful, SNOWIE is entitled to treble its actual damages or Defendant's profits, whichever is greater, and to an award of costs, and, this being an exceptional case, reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

## FOURTH CAUSE OF ACTION
### (UNJUST ENRICHMENT)

56. Plaintiff hereby realleges and incorporates by this reference the preceding paragraphs as if fully set forth herein.

57. As a result of the conduct alleged herein, Defendant DTX has been unjustly enriched to SNOWIE's detriment. SNOWIE seeks an accounting and disgorgement of all ill gotten gains and profits resulting from Defendant's inequitable activities.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant DTX as follows:

A.  An entry of final judgment in favor of Plaintiff and against Defendant;

B.  A judgment that Defendant has infringed one or more of the claims of each of SNOWIE's asserted patents, namely the '212 Patent and the '053 Patent;

C.  An order and judgment preliminarily and permanently enjoining Defendant and its officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with them, and their parents, subsidiaries, divisions, successors and assigns, from further acts of infringement of SNOWIE's asserted patents;

D.  An award of damages adequate to compensate Plaintiff for the infringement that has occurred, but in no event less than a reasonable royalty as permitted by 35 U.S.C. § 284, together with prejudgment interest from the date the infringement began;

E.  Treble damages as provided for under 35 U.S.C. § 284 in view of the knowing, willful and intentional nature of Defendant's acts;

F.  Awarding Plaintiff its costs and expenses of this litigation, including its reasonable attorneys' fees and disbursements, pursuant to 35 U.S.C. § 285;

G.  An order preliminarily and permanently enjoining Defendant and its officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with them, and their parents, subsidiaries, divisions, successors and assigns, from directly or indirectly infringing SNOWIE's trade dress rights; from passing off Defendant's products as being associated with and/or sponsored or affiliated with SNOWIE; from committing any other unfair business practices directed toward obtaining for themselves the business and customers of SNOWIE; and from committing any other unfair business practices directed toward devaluing or diminishing the brand or business of SNOWIE;

H.  Cost of suit and reasonable attorneys' fees; and

I.  Such other further relief as Plaintiff is entitled to under the law, and any other and further relief that this Court or a jury may deem just and proper.

DATED this 6th day of March, 2013.

TECHLAW VENTURES, PLLC

/s/ Terrence J. Edwards
Terrence J. Edwards
Attorney for Plaintiff
3290 West Mayflower Way
Lehi, UT 84043
Telephone: (801) 805-3684
Facsimile: (801) 852-8203

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury of all issues raised in the Complaint that are so triable.

DATED this 6th day of March, 2013.

>TECHLAW VENTURES, PLLC
>
>/s/ Terrence J. Edwards
>Terrence J. Edwards
>Attorney for Plaintiff
>3290 West Mayflower Way
>Lehi, UT 84043
>Telephone: (801) 805-3684
>Facsimile: (801) 852-8203